UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK S. MAXEY, | ) | CASE NO. 1:23-cv-1796 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| OHIO DEPT. OF REHABILITATION | ) | **MEMORANDUM OPINION** |
| AND CORRECTION, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Derrick S. Maxey, an inmate in the Lake Erie Correctional Institution, filed this action against the Ohio Department of Rehabilitation and Correction ("ODRC"), Core Civic of America ("Core Civic"), and Corrections Corporation of America ("CCA"), claiming he had an adverse reaction to chemical mace that a corrections officer sprayed indiscriminately into his housing unit. He asserts claims for personal injury and breach of the duty of care. He seeks compensatory and punitive damages.

I. **Background**

Plaintiff alleges that on August 26, 2023, the Lake Erie Correctional Institution experienced a power outage for several days. He states that the prison's backup generators failed after a day of use, leaving the institution without power. He alleges the lack of power increased tension between corrections officers and inmates. Plaintiff contends that one of the corrections officers became annoyed with inmates while making his rounds and sprayed mace into the air. He claims that he and other inmates began to cough and sneeze from exposure to the mace.

Plaintiff alleges that the officer continued to make his rounds and began arguing with certain inmates. After one particular argument, the officer announced that he would spray more mace and exited the unit, closing the door behind him. Plaintiff alleges the officer then emptied the contents of the mace canister into the housing unit through the bars in the door.

Plaintiff states that he became very ill from the mace. He indicates he experienced loss of vision and developed chemical burns on his body. He also indicates he had difficulty breathing because his nasal passages and throat began to swell. He contends he alerted corrections staff, who took him to the medical department where he was treated. He claims the Defendants are liable for failing to provide a reliable electrical system and backup generator. He also claims the Defendants are liable for personal injury and to comply with their duty of care. He seeks $1,500,000.00 in compensatory and punitive damages.

II.     **Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. <u>Analysis</u>

As an initial matter, Plaintiff has not established a basis for this Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts only have the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

The Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff

must establish that he is a citizen of one state and all the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff is incarcerated in the Lake Erie Correctional Institution in Conneaut, Ohio. He does not list any other address for himself. The ODRC is an Ohio state agency. The Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that Plaintiff and at least one Defendant are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on an alleged violation of federal law. Here, Plaintiff's only stated claims are personal injury and breach of the duty of care. These state tort law claims do not provide a basis for federal question jurisdiction.

Finally, even if this Court construes the complaint as alleging constitutional claims, the case would still be dismissed. As an initial matter, Plaintiff affirmatively pleads that the officer was acting outside of the scope of his job when he indiscriminately sprayed mace. (Doc. No. 1 at PageID 4.) The ODRC, Core Civic, and CCA cannot be held liable for the unauthorized

actions of an employee. *Iqbal*, 556 U.S. at 676. Nor has Plaintiff sufficiently alleged the existence of an illegal policy or custom of Defendants that injured Plaintiff. *See St. v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996).

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date**: February 12, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE